CICERO LEWIS, *Plaintiff in Error*, VS. STATE OF FLORIDA, *Defendant in Error.*
145 So. 837.
Decision filed January 9, 1933.

*W. A. Rothar* and *E. S. Corlett, Jr.*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

BUFORD, C.J.,AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J.—I think this writ of error should be dismissed. The Clerk's certificate does not cover the en-

tire transcript, and plaintiff in error's brief utterly fails to comply with Rule 20.

DAVIS, J. (Concurring).—The Clerk's certificate to the transcript is insufficient to cover the bill of exceptions, so the judgment must be affirmed on that portion of the record consisting only of the information, verdict and judgment of life imprisonment, which is before us. The Clerk should verify and certify to *all* of the transcript that is made up, whether prepared by him or not. However, the bill of exceptions if it were properly before us, would not warrant a reversal.